401 So.2d 1302 (1981)
C.G. IVY
v.
GRENADA BANK.
No. 52723.
Supreme Court of Mississippi.
August 5, 1981.
Mitchell M. Lundy, Lundy & Lundy, Grenada, for appellant.
Edwin Tharp Cofer, Keeton, Cofer & Embry, Grenada, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice for the Court:
The Chancery Court of Grenada County entered a decree against C.G. Ivy in favor of the Grenada Bank for the sum of $125,000. Ivy has appealed and assigns three errors in the trial below. The assignments of error may be disposed of under one proposition, viz, whether or not the lower court erred in holding that Ivy was liable upon his continuing guaranty in the amount of $125,000, whether or not appellee was estopped to claim the indebtedness and whether or not the indebtedness was cancelled.
On June 6, 1976, Ivy, Robert Lewis Smith and Judith G. Vick, stockholders in Elliott Industries, Inc., jointly signed a continuing guaranty agreement in order to establish a line of credit for such corporation. Each co-signer guaranteed to pay the Grenada Bank up to $125,000 of the corporation's debts incurred to the bank. The instrument provided that it would continue in force until written notice of termination was delivered to one of the executive officers of the bank. In that event, the instrument would terminate but would not affect the liability of the co-signers for obligations arising prior to the termination. Ivy disposed of his corporate stock in November of 1976 and thereafter, one Russell Y. Greene bought an interest in the corporation. On January 31, 1977, Smith, Vick and Greene executed new continuing guaranties which were identical to that executed by Ivy, Smith and Vick on June 16, 1976.
Appellant contends that he was not given a copy of the instrument when he signed same, that he did not know its contents, that when he sold his interest in the corporation the Grenada Bank vice-president knew he had no further interest in the corporation and that the bank is equitably estopped from asserting the claim against him. However, Mr. W.R. Jones, vice-president of the Grenada banking system, who made the original loan to Elliott Industries, Inc., testified that he personally explained the full import of the guaranty to Ivy and *1303 that he would not release any of the original members from their liability on the notes of Elliott Industries, Inc. Appellant admitted that, after selling his interest in the corporation, he did not go to the Grenada Bank and ask to be released from liability on the instrument, that no one at the Grenada Bank told him he was released from such liability, and that he never went by to see the guaranty instrument. Mississippi Code Annotated section 75-3-415 (1972), defines an accommodation party as one who signs an instrument in any capacity for the purpose of lending his name to another party. In McCubbins v. Morgan, et al, 199 Miss. 153, 23 So.2d 926 (1945), the Court said:
"A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him, and that he supposed the terms were different, unless he was induced not to read it or have it read to him by the other party on which he was entitled to rely." (199 Miss. at 159, 23 So.2d at 927)
Birmingham v. Conger, 222 So.2d 388 (Miss. 1969), held that a party claiming equitable estoppel must show (1) that he changes his position in reliance upon the conduct of another, (2) that he suffered detriment caused by his change of position in reliance upon such conduct.
The record reflects that appellant knew he was signing the instrument to establish a line of credit for Elliott Industries, Inc., and knew he was liable to the extent of $125,000 for the debts of that corporation. The fact that he may not have read the instrument or received a copy of it does not absolve him from liability. Under the uncontradicted facts of the case, equitable estoppel will not afford relief. The lower court correctly entered the decree in favor of the Grenada Bank.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.