**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60414
Summary Calendar

HOTEL CORPORATION OF MISSISSIPPI,

Plaintiff,

VERSUS

DAYS INN OF AMERICA, INC.,

Defendant - Counter Claimant - Appellee,

VERSUS

SHELDON HARNASH,

Counter Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:96-CV-452-G-R)

June 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

Per Curiam:[1]

Sheldon Harnash ("Harnash") appeals the summary judgment in favor of Days Inn of America ("DIOA"). We find no reversible error and affirm.

**BACKGROUND**

In 1989, Harnash and George Gibalski ("Gibalski") formed the

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hotel Corporation of Mississippi ("HCM"). Harnash and Gibalski each owned one-half of HCM's shares. In 1991, HCM entered into a ten-year license agreement ("License Agreement") with Days Inns of America Franchising, Inc. ("DIAF"). Harnash and Gibalski signed a personal guaranty ("Guaranty Agreement") of HCM's obligations under the License Agreement. In 1992, DIAF was sold to Days Inns Acquisition Corp., which then changed its name to Days Inns of America. Harnash sold his interest in HCM in 1993.

The License Agreement authorized HCM to operate a Days Inn hotel franchise and allowed HCM to receive reservations from the Days Inn reservation system. In exchange, HCM agreed, inter alia, to pay monthly royalty and recurring fees. In 1993, DIOA terminated the License Agreement because HCM repeatedly failed to pay recurring fees. HCM and DIOA subsequently entered into a reinstatement agreement ("Reinstatement Agreement") that treated the termination as if it had never occurred. DIOA terminated the License Agreement again in 1996 after HCM failed to pay recurring fees and sold the hotel facility.

HCM sued DIOA's parent corporation, Hotel Franchising Systems, Inc. ("HFS"), in Mississippi state court, alleging breach of contract, intentional interference with contractual and economic relations, and unfair competition. HFS removed the action to federal district court. Subsequently, DIOA intervened and filed an answer and a counterclaim against HCM. DIOA also asserted third party claims against Harnash and Gibalski as guarantors. The parties filed cross motions for summary judgment. The district

2

court granted DIOA's motion for summary judgment and denied the motions for summary judgment filed by HCM, Harnash, and Gibalski. Among other things, the district court held that Harnash was liable to DIOA as a guarantor of the License Agreement. Harnash appeals.

## DISCUSSION

Harnash states that the issue on appeal is whether he is liable under the terms of the Reinstatement Agreement. We disagree. The district court did not hold Harnash liable under the terms of the Reinstatement Agreement. Rather, the district court held that the Guaranty Agreement rendered Harnash liable under the terms of the License Agreement as modified by the Reinstatement Agreement.

In the Guaranty Agreement, Harnash agreed to be bound by the terms of the License Agreement and by any amendments or supplements to it.[2] This type of guaranty, which "is not confined to a particular transaction but rather contemplates a future course of dealing," is known as a continuing guaranty, FDIC v. Woolard, 889 F.2d 1477, 1479 (5th Cir. 1989) (applying Texas law); see Restatement (Third) of Suretyship & Guarantee § 16 (1995) (stating that "[a] continuing guaranty is a contract pursuant to which a person agrees to be a secondary obligor for all future obligations of the principal obligor to the obligee."), and is binding until

_____

[2]The Guaranty Agreement provides that it shall by "governed by and construed under the laws of the state of Georgia." The district court applied Mississippi law, however, and the parties do not complain on appeal.

3

revoked.  See id.  The Guaranty was not revoked and, therefore, remained binding on Harnash.

Harnash raises several defenses, none of which have merit. First, he contends that he is not liable because he did not sign the Reinstatement Agreement and did not know about it.  These facts are irrelevant.  In the Guaranty, Harnash agreed that he would remain obligated to DIOA notwithstanding future modifications or supplements to the License Agreement.  He also waived notice of amendments to the License Agreement.  The Reinstatement Agreement was, by its express terms, a modification of and a supplement to, the License Agreement.

Second, Harnash argues that the Reinstatement Agreement materially altered the License Agreement, thus, relieving him of liability.  See Tower Underwriter's, Inc. v. Culley, 53 So.2d 94 (Miss. 1951).  This argument fails because Harnash expressly consented to such amendments in the Guaranty Agreement.  See FDIC, 889 F.2d at 1479 (stating that "a guarantor can expressly agree to future renewals or extensions and thereby waive any discharge defense."); United States v. Rollinson, 866 F.2d 1463, 1472-73 (D.C. Cir. 1989) (holding that deferrals of principal payments and modifications of the original note did not release guarantors who had authorized such modifications).

Third, Harnash argues that he sold his interest in HCM prior to the execution of the Reinstatement Agreement.  Harnash's sale of his corporate stock did not absolve him from liability as a guarantor.  See Ivy v. Grenada Bank, 401 So.2d 1302, 1302-03 (Miss.

4

1981) (holding that a defendant who signed a continuing guarantee to establish a line of credit for a corporation was liable even after he sold his stock in the corporation).

Fourth, Harnash maintains that the Reinstatement Agreement was a novation that discharged him from liability. We disagree. Harnash waived the defense of novation in the Guarantee Agreement and, therefore, cannot rely on it.

Finally, Harnash argues that summary judgment was improper because fact questions exist regarding the intent of the parties, the extent of Harnash's liability, and the amount of damages. Harnash fails to point to evidence in the record establishing those fact questions, however. See Solo Serve Corp. v. Westowne Associates, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the defendant "must point to evidence in the record sufficient to establish the alleged facts to avoid summary judgment."). For example, Harnash maintains that DIOA's failure to include him as an "Undersigned Guarantor" in the Reinstatement Agreement creates a fact issue about whether the parties intended to bind him. The problem with Harnash's argument is that the Guaranty Agreement clearly binds Harnash notwithstanding later modifications to the License Agreement. Harnash offers no evidence to the contrary.

## CONCLUSION

We affirm the summary judgment in favor of DIOA.

AFFIRMED.

5